José Tirado Ellín, Plaintiff and Appellee, *v.* Juan Caro Díaz et ux., Defendants, and Inés Cumpiano, Defendant and Appellant.

No. 10364.  Argued March 12, 1951.—Decided July 11, 1951.

---

[2] Subdivision 15 of § 102 of the Law of Evidence provides: "15. That official duty has been regularly performed."

Luis Antonio Rosario for appellant. B. Quiñones Elías for
appellee. Héctor Reichard for Caro-Ramos.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion
of the Court.

José Tirado Ellín filed in the District Court of Aguadilla
a complaint in an action for a servitude of right of way
against Juan Caro Díaz and his wife, Marina Ramos, and
Inés Cumpiano, alleging that he is the owner of a rural
property in the Ensenada Ward of Rincón, devoted to the
planting of cocoanuts, minor crops, and sugarcane, which
property he describes; that his property abuts on properties
belonging to the defendants and has no exit to the highway
or public road and that the shortest and least prejudicial
point at which to establish a servitude of right of way would
be through defendants' properties at the point where these
are adjoining, but that both defendants have refused to let
him open a road at the aforesaid point. It should be noted
that the properties belonging to the defendants are not
described in the complaint in any manner whatsoever. The
plaintiff deposited, upon filing the complaint, the amount of
$200 as compensation for the price of the land to be used

for the road and for the damages which might be caused to the defendants upon the establishment of said servitude, and prayed the court to enter judgment against the defendants or against whichever of them it was proper.

The defendants, Juan Caro Díaz and his wife, Marina Ramos, answered the complaint admitting that plaintiff's property adjoins one of their own as well as another belonging to the codefendant, Inés Cumpiano, but denying that plaintiff's property had no exit to the highway or road and alleging on the contrary that the exit of said property to the public road is and has been for over forty years over a road called "Judío." As to the deposit of $200 made by the plaintiff, they alleged that said amount was insufficient to compensate for the damages which would be caused to them, and fixed the sum of $1,000 as reasonable compensation.

The answer of the codefendant, Inés Cumpiano, also admits that plaintiff's property abuts on defendants' properties and contains the same allegations as to the existence of the "Judío" municipal road which she alleges that the plaintiff and previous owners have used as an exit from their farm. She alleged, moreover, that the fair and reasonable value of that portion of the land which the defendant would have to yield for the road in which the plaintiff is interested, would be at least $400 and the damages which she would suffer would amount to $1,500.

The case was heard and an inspection made at the request of the plaintiff, whereupon the court entered judgment granting the complaint and ordering the codefendant, Inés Cumpiano, to permit the plaintiff to lay out a road across the seven-cuerda parcel of her property, which will be the servient tenement for the benefit of plaintiff's estate, upon payment by the plaintiff of the sum of $276.75, at which it assessed the value of the land as well as the damages which would be caused to her in connection with such

road, likewise adjudging said codefendant to pay the costs and $50 as attorney's fees. The court dismissed the complaint as to codefendants, Juan Caro Díaz and wife.

Feeling aggrieved by the judgment, the codefendant, Inés Cumpiano, brought this appeal in which she alleges that the trial court committed four errors. Three of them, the first, third and fourth, challenge the weighing of the evidence by the court, it being alleged that the court was moved by passion, prejudice, and partiality, and expressly challenging its finding that appellee's property is entirely cut off from all public roads. The second assignment is to the effect that the court erred in granting the servitude of right of way over a property belonging to the appellant, as the servient tenement, without the latter having been duly described.

■■ The lower court decided that although the "Judio" road existed and appellee's property previously had an exit thereto, at present said road, because of its physical conditions, was impassable due to the fact that it is blocked in some places by live hedge fences and in others by wires and cocoanut palms.

This finding of the court is amply supported by the evidence and by its inspection. As a matter of law we have held, quoting from the syllabus, that "It should be considered that a property has no outlet to a public highway not only when such is absolutely the case, but also when the outlet is not sufficiently secure and feasible." *Nin* v. *Rucalleda et al.*, 28 P.R.R. 503.

To the same effect see 4 Manresa, *Comentarios al Código Civil*, p. 706.

■■ The appellant further argues that since the appellee requested that the servitude be established through defendants' properties at the point where they abut on each other, the court erred in establishing said servitude through appellant's property only.

The court *a quo*, citing § 501 of the Civil Code, 1930 ed., [1] arrived at the following conclusion:

"The Court deems and concludes that the servitude of right of way should be granted and we so hold, through the property of the codefendant, Mrs. Inés Cumpiano, that is, Inés Polanco widow of Cumpiano, which although at the same distance from the public road as codefendant Mr. Caro's, is the point least prejudicial to all parties concerned, inasmuch as her property is larger than Mr. Caro's, which is a small unit (a property of only one cuerda), the severance of which would cause him great damages. Were it not for the great disparity between Mrs. Cumpiano's and Mr. Caro's properties, we would have fixed the servitude through lands of both owners."

We think that the lower court did not err in so deciding this question. Although it is true that the appellee requested that the servitude be established at the point of junction of defendants' properties, where the existence of a path was proved , it is nonetheless true that in the complaint he prayed, in the alternative, for judgment "against the defendants or against whichever of them it is proper."

That the servitude in these cases must be granted on the point least prejudicial to the servient tenement and where the distance from the dominant tenement to the public road may be the shortest, is beyond discussion. *Nin* v. *Rucalleda, supra;* 4 Manresa, *op. cit.,* 656. Defendant's expert evidence, namely, the testimony of Miguel Coriano, showed that grave injury would be caused to codefendant Caro's property if the servitude were established through his one-cuerda farm. That the latter measured one cuerda was testified by said expert, thus verifying the statements of the court resulting from the inspection to that effect.

---

[1] Section 501 of the Civil Code provides the following:

"The servitude of the right of way shall be at the point least prejudicial to the servient tenement, and, in so far as is consistent with this rule, where the distance from the dominant tenement to the public road may be the shortest."

However, such is not the case with the alleged parcel of seven cuerdas belonging to the appellant and on which the servitude is established. As already noted, defendants' properties were not described in the complaint. Nor is there any oral or documentary evidence presented during the hearing whereby the court a quo could determine that appellant's property measured seven cuerdas, or its description and boundaries. It was in the minutes of the inspection that the judge set forth the following:

"The Court states, moreover, that it went later to the place where the intended servitude is requested, in the Ensenada Ward of Rincón, finding that at that point it is bounded on the North, by *a parcel of 7 cuerdas which forms part of a larger farm belonging to Inés Polanco, widow of Cumpiano;* and on the South, by lands belonging to Juan Caro, a parcel of one cuerda. . . ." (Italics ours.)

It is not stated in said minutes whether in order to arrive at such conclusion any survey whatsoever was made during the inspection. On the other hand, the mentioning of the alleged area of appellant's property, in the findings of fact and conclusions of law as well as in the judgment, does not fulfill the requirement that in establishing a real servitude, such as the right of way involved here, the dominant tenement as well as the servient tenement must be described, inasmuch as said servitude is a lien on the latter tenement in favor of the former—§ § 465 and 500 of the Civil Code—and pursuant to § 13 of the Mortgage Law, records of servitudes shall be entered upon the sheet provided for records relating to the servient estate as well as on the sheet provided for records relating to the dominant tenement. We have held that pursuant to this last Article, a deed creating a real servitude may not be recorded unless both tenements are described. *Monroig* v. *The Registrar*, 19 P.R.R. 782. Morell, in his *Legislación Hipotecaria*, vol. 2, p. 159, says referring to this particular:

"*In the registration of servitudes, their nature, area and conditions shall be clearly set forth,* and as a *special circumstance,* each record shall set forth *the property referred to the contrary,* that is, in the record of the servient tenement, the property in favor of which the servitude is established, its volume, page and number in the Registry, and in the record of the dominant tenement, the same circumstances regarding the property upon which the lien is imposed." (Italics ours.)

See also 1 Luis Muñoz Morales, *Lecciones de Derecho Hipotecario* 165–66.

Although in the judgment the court described appellee's property as the dominant tenement as well as the road constituting the servitude of right of way, it did not describe the servient tenement upon which the servitude is established for only a generic reference is made to appellant's alleged farm of seven cuerdas. Such a servitude could not be recorded in the Registry of Property to secure properly the rights of the parties and future owners of the properties.

We consider that the second error was committed and that it is reversible and a new trial should be ordered for the sole purpose of determining the exact description of the farm of the codefendant, Inés Cumpiano, on which the servitude is established as the servient tenement and in favor of plaintiff's property as the dominant tenement.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.